UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN BRIAN INTERNATIONAL COMPANY, a Hong Kong Corporation,<br><br>                Plaintiff,<br>v.<br><br>GUSTTO, INC., a California Corporation,<br><br>                Defendant. | Case No. 3:13-cv-0218-GPC-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO CORRECT NAME, (ECF NO. 21);**<br><br>**(2) GRANTING MOTION FOR DEFAULT JUDGMENT, (ECF NO. 20)** |

      This is an action for recovery of sums owed on goods sold and delivered by Plaintiff to Defendant.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1332, as Plaintiff is Hong Kong corporation with its principal place of business in China, Defendant is a California corporation with its principal place of business in California, and the amount in controversy is over $300,000.  And, because it is a California corporation, the Court has personal jurisdiction over Defendant.  See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853-54 (2011) (identifying place of incorporation as domicile of corporation for personal jurisdiction purposes).

      The Court has considered Plaintiff's "Motion to Correct Typographical Error in Name of Plaintiff." (ECF No. 21.)  Finding good cause therefor, the Court will grant

the Motion to Correct.

After Defendant's counsel withdrew from representation, the Court directed Defendant to retain counsel as is required of a corporate parties. (ECF No. 16.) At the status hearing set for determining whether Defendant had retained counsel, Defendant failed to appear. (ECF No. 19.) The Court therefore directed Plaintiff to file and serve a motion for default judgment, which Plaintiff did on January 2, 2014. (ECF No. 20.) On April 1, 2014, the Court directed Plaintiff to submit evidence in support of its claimed damages. (ECF No. 22.) Plaintiff filed and served the evidence on April 2, 2014. (ECF Nos. 23, 24.)

Because Plaintiff claims a liquidated amount of damages, the Court finds a hearing on Plaintiff's Motion for Default Judgment is unnecessary. See Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) ("It is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation.").

The Clerk of the Court must enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Default has not yet been entered in this case. Given Defendant's failure to defend in accordance with applicable rules, the Court finds default should now be entered against Defendant. See id.; see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed council.").

Once default is entered, entry of default judgment may be appropriate. See Fed. R. Civ. P. 55(b)(2). Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Courts in the Ninth Circuit consider the following factors in determining whether default judgment should be entered:

> (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of

>
> prejudice to the plaintiff if relief is denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted from excusable neglect, and (7) the public policy favoring resolutions of cases on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint." Phillip Morris USA, Inc. v. Castworld Prods., 219 F.R.D. 494, 498 (CD. Cal. 2003) (citations omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." Phillip Morris, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

Based on Defendant's failure to defend in this lawsuit, the Court now regards the facts alleged in Plaintiff's Complaint as true. "[Plaintiff, a Hong Kong corporation,] seeks damages from [Defendant, a California corporation,] for breach of contract, goods sold and delivered at agreed price, open book account, and account stated for non-payment of handbags purchased from [Plaintiff] by [Defendant]." (ECF No. 1, Compl. ¶ 1.) "In and after February 2011, [Plaintiff] manufactured and shipped the handbags to [Defendant] per orders received from [Defendant]. [Defendant] took possession of the shipment, resold and disposed of the shipment, and did not pay [Plaintiff]. This lawsuit is filed to collect on the unpaid invoices." (Id. ¶ 4.)

The Court finds Plaintiff's allegations are, at a minimum, sufficient to recover the unpaid amounts under a breach-of-contract theory. See, e.g., Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) ("[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."). In the same vein, given the invoices discussed below, the Court finds

little possibility of a dispute as to the material facts of this case.

To prove damages, Plaintiff provides a declaration by its President, Wong Chong Chi, stating the total owed to Plaintiff under the unpaid invoices is $302,196.96. (ECF No. 20-1.) The Court has reviewed the invoices and finds that, along with the Wong Declaration, the invoices are sufficient evidence of Plaintiff's damages. The sum of the invoices, however, is $302,169.96—not $302,196.96. This is a significant sum that Plaintiff should be entitled to recover and that Plaintiff no doubt expected it would recover upon sending numerous shipments of handbags to Defendant. It may thus be said that Plaintiff would be highly prejudiced were it not permitted to recover what it is owed.

The Court further finds that, given Defendant's knowing failure to comply with the requirement that it be represented by counsel in federal court, Defendant's default cannot be explained by excusable neglect. Thus, while public policy favors resolution of cases on the merits, the Court finds the foregoing factors weigh in favor of granting Plaintiff's Motion for Default Judgment.

Plaintiff also seeks pre and post-judgment interest on the amount owed. For simplicity, Plaintiff seeks prejudgment interest only from the date of the last invoice, October 18, 2011, through the date of judgment. California Civil Code Section 3287(a) provides in relevant part:

> A person who is entitled to recover damages certain, . . . and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt.

Given the certainty of Plaintiff's damages, the Court finds Plaintiff is entitled to prejudgment interest under Section 3287(a). Where a contract does not provide a specific rate, the rate of interest chargeable after breach of contract is 10% per annum. Cal. Civ. Code § 3289. The formula for calculating prejudgment interest is: principal × interest rate × number of days interest accrued ÷ 360. Cont'l Airlines, Inc. v. McDonnel Douglas Corp., 216 Cal. App. 3d 388, 434 n.39 (1989). The number of days

interest accrued is 900 (October 18, 2011, up to, and including, April 4, 2014). Prejudgment interest is thus calculated as follows: $\$302,169.96 \times .10 \times 900 \div 360 = \$75,542.49$.

Plaintiff is also entitled to post-judgment interest. Unlike prejudgment interest, however, post-judgment interest is governed by federal, not California, law. See 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). "Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." Id.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Correct Typographical Error in Name of Plaintiff, (ECF No. 21), is **GRANTED**. Accordingly, the Clerk of Court is directed to modify the docket in this matter to reflect Plaintiff's true name: Calvin Brian International Company. The caption of all future filings in this matter, including the final default judgment identified below, shall include Plaintiff's true name.

2. The Clerk of Court is directed to enter Defendant's default.

3. Plaintiff's Motion for Default Judgment, (ECF No. 20), is **GRANTED**. Accordingly, the Clerk of Court is directed to enter final default judgment in favor of plaintiff Calvin Brian International Company and against defendant Gustto, Inc. in the total amount of $377,712.45, which includes $75,542.49 in prejudgment interest. Post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

4. The hearing currently set for April 4, 2014, is **VACATED**.

DATED: April 3, 2014

HON. GONZALO P. CURIEL
United States District Judge